IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLAS DELMONICO          :          CIVIL ACTION
                            :
        v.                  :
                            :
SERENITY SMITH, et al.      :          NO. 22-4296

MEMORANDUM

Bartle, J.                                November 21, 2022

Plaintiff Nicholas Delmonico originally filed this action in the Court of Common Pleas of Philadelphia County against a number of defendants to recover damages for injuries he suffered in a motor vehicle accident on Interstate 95 in Philadelphia. Defendant Amazon.Com, Inc. ("Amazon") removed this action to this court based on diversity of citizenship and the requisite amount in controversy. Pending before the court is plaintiff's timely motion to remand the action to the state court.

Plaintiff is a citizen of Arizona while defendant Amazon is incorporated in Delaware and has its principal place of business in the state of Washington. Another defendant, Northeast Metal Traders, Inc. ("NMT"), is incorporated and has its principal place of business in Pennsylvania.

The complaint was filed in the Court of Common Pleas on October 10, 2022. The plaintiff effectuated service on NMT on October 18, 2022. While Amazon was served on October 17,

2022, Amazon did not file its Notice of Removal with this court
until October 26, 2022, eight days after service was made on
NMT.

There appears to be complete diversity of citizenship
between plaintiff and the defendants.  Nonetheless, plaintiff
relies on the forum defendant rule in support of his motion to
remand.  28 U.S.C. § 1441(b)(2) provides:

> A civil action otherwise removable solely on
> the basis of the jurisdiction under section
> 1332(a) of this title may not be removed if
> any of the parties in interest properly
> joined and served as defendants is a citizen
> of the State in which such action is
> brought.

Our Court of Appeals has held that removal is
permissible under § 1441(b)(2) when removal takes place before a
forum defendant is properly joined and served.  If removal
occurs after a forum defendant is properly joined and served,
removal is barred.  See Encompass Ins. Co. v. Stone Mansion
Restaurant Inc., 902 F.3d 147, 151-54 (3d Cir. 2018).  Here NMT
was served before removal.

On October 28, 2022, plaintiff's counsel notified
counsel for Amazon after removal of the action that NMT had been
served before Amazon removed the action.  He urged Amazon to
agree to remand.  Instead of acquiescing in a remand, counsel
for Amazon charged ahead in this court with the filing of a
motion to dismiss the complaint.  It was only after Amazon's

-2-

counsel's refusal to agree to the remand that plaintiff filed the pending motion and supporting brief.

On November 14, 2022, after reading plaintiff's motion to remand and before Amazon's response was due, the court scheduled a phone conference with counsel to inquire if Amazon's counsel intended to oppose plaintiff's motion in light of the Court of Appeals's decision in Encompass.  Amazon's counsel assured the court that indeed it intended to oppose any remand and to file a brief.  She apprised the court that removal was proper because plaintiff did not notify Amazon before removal that NMT had been served.  She pointed to no statutory requirement in support of this position.  Section 1441(b)(2) simply states that removal may not occur if there is a forum defendant and that defendant has been properly joined and served.  There is no obligation on plaintiff to do what Amazon asserts is necessary to avoid the removal to this court.

After the conference with this court and only a day before Amazon's opposition was due, Amazon filed an "Emergency Motion to Withdraw Its Notice of Removal and Remand this Matter to the Philadelphia Court of Common Pleas".  This filing comes only after plaintiff's counsel had expended time and effort to file the remand papers.

The law is clear.  The plaintiff's motion to remand will be granted.  Amazon's emergency motion to withdraw its removal and remand will be denied as moot.

Plaintiff's counsel seeks attorneys fees under 28 U.S.C. § 1447(c) which provides in relevant part:  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Amazon's counsel's continued resistance to remand after learning of service on NMT before removal was objectively unreasonable in light of Encompass and merits the award of attorneys fees to plaintiff's counsel.  Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).  His reasonable hourly rate is $450.  He fairly expended four hours in preparation of the motion to remand and the supporting memorandum.  Accordingly, the court will award him attorneys fees in the amount of $1800.  Amazon's counsel shall make payment within fifteen days and shall file a declaration of the payment once it has been made.